1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10      ROBERT WAYNE HUGHES,

11                          Plaintiff,                    CASE NO. 3:18-CV-05717-RJB-JRC

12             v.                                         ORDER TO SHOW CAUSE OR
                                                          AMEND COMPLAINT
13      KEVIN BOVENCAMP, et al.,

14                          Defendants.

15

16          Plaintiff Rober Wayne Hughes, proceeding *pro se* and *in forma pauperis*, filed this civil

17  rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated

18  when he failed to receive medical care when he allegedly sustained a complete tear to his bicep.

19  However, he has not alleged personal participation by any of the named defendants. Having

20  reviewed and screening plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to

21  serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that

22  defendants violated his constitutional rights. However, the Court provides plaintiff leave to file

23  an amended pleading by November 30, 2018, to cure the deficiencies identified herein.

24

**BACKGROUND**

Plaintiff initially filed this complaint in August of 2018. Dkt. 1. Plaintiff alleges that he sustained an injury while on work duty at the Clallam Bay Corrections Center. Dkt. 6, p. 3. He alleges that he received some initial care in the form of a cast and pain medication, but that the injury was later diagnosed as a complete tear to his bicep muscle – an injury that requires additional treatment. *Id*. He further alleges, though he was diagnosed with a bicep tear, he did not receive additional treatment and that, without treatment, he could completely lose the use of his arm. *Id*. He finally alleges medical staff told him they "would NOT fix his arm." *Id*. Plaintiff requests injunctive relief, as well as compensatory and punitive damages totaling $450,000. *Id*. at p. 5.

**DISCUSSION**

**I.      Personal Participation by Defendants**

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has not shown personal participation by any defendants. Plaintiff has alleged he suffered an injury to his "bicep brachia" muscle. Dkt. 6, p. 4. However, his only

allegations as to defendants' involvement alleges that "[e]ach and every single named defendant has acted under of color of state law," and "[e]ach and every named defendant had ample opportunity to act appropriately . . . ." *Id*. Plaintiff has also generally alleged that he received inadequate medical care, but has neglected to explain who provided him that inadequate medical care. *See id*. at 3. Plaintiff has not decribed any particular defendants' involvement in his alleged constitutional deprivation. Thus, plaintiff has not yet provided sufficient allegations that defendants personally participated in plaintiff's alleged constitutional deprivation.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining *exactly* what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

## II.       Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

1  the original complaint, and not as a supplement.  An amended complaint supersedes the original

2  complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

3  *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the

4  amended complaint must be complete in itself and all facts and causes of action alleged in the

5  original complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d

6  at 1474. The Court will screen the amended complaint to determine whether it contains factual

7  allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will

8  not authorize service of the amended complaint on any defendant who is not specifically linked

9  to a violation of plaintiff's rights.

10        If plaintiff fails to file an amended complaint or fails to adequately address the issues

11  raised herein **on or before November 30, 2018**, the undersigned will recommend dismissal of

12  this action pursuant to 28 U.S.C. § 1915.

13        The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

14  civil rights complaint and for service. The Clerk is further directed to send copies of this order

15  and Pro Se Instruction Sheet to plaintiff.

16        Dated this 29th day of October, 2018.

17

18

19  _____

20  J. Richard Creatura
    United States Magistrate Judge

21

22

23

24