UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Robert Wayne Hughes,

        Plaintiff,

v.

Kevin Bovencamp et al.,

        Defendants.

CASE NO. 3:18-cv-05717-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff's motion for appointment of counsel. Dkt. 11.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In plaintiff's motion, he states that he is unable to afford counsel and his imprisonment greatly limits his ability to litigate this case. Dkt. 11. Plaintiff contends that the issues involved are complex and will require significant research and investigation. *Id.* Plaintiff asserts that he has limited access to the law library and knowledge of the law and that he relied on a fellow prisoner for assistance. *Id.*

The Court notes that "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

At this time, plaintiff has not shown, nor does the Court find, that this case involves complex facts or law. Plaintiff has also not shown that he is likely to succeed on the merits of his case. He has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, plaintiff clearly articulated his claims in his amended complaint and various motions filed with the Court. *See* Dkt. 8, 10, 14, 22.

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's motion (Dkt. 11) is denied without prejudice.

Dated this 17th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge