UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Robert Wayne Hughes,

    Plaintiff,

v.

Kevin Bovencamp et al.,

    Defendants.

CASE NO. 3:18-cv-05717-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff's second motion for appointment of counsel.[1] Dkt. 33.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not

---

[1] On October 17, 2019, plaintiff filed a motion for summary judgment which is ready for the Court's review on November 8, 2019. Dkts. 34, 35.

1 mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court previously denied plaintiff's first motion for appointment of counsel because he failed to show any exceptional circumstances. Dkt. 23. In plaintiff's second motion, he again states that he is unable to afford counsel and his imprisonment greatly limits his ability to litigate this case. Dkt. 33 at 1. Plaintiff contends that the issues involved are complex and will require significant research and investigation. *Id.* Plaintiff asserts that a trial will require conflicting testimony and counsel would "better enable plaintiff to present evidence and cross examine witnesses." *Id.* Plaintiff alleges he was receiving help from another inmate but was moved to a different living unit and that local civil rights attorneys have declined to take his case. *Id.* at 2. Plaintiff alleges that he has a fifth-grade education. *Id.* at 3.

However, plaintiff's second motion does not present the Court with any reason to change its prior conclusion that no exceptional circumstances exist which warrant the appointment of counsel in this case. While it may be true that the issues in this case will require significant research and investigation, that does not justify the appointment of counsel. *See Wilborn v.*

*Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff's renewed request also fails to demonstrate that he is likely to succeed on the merits of his case. Plaintiff has demonstrated an ability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, plaintiff clearly articulated his claims in his amended complaint and various motions filed with the Court. *See* Dkt. 8, 10, 14, 22, 29, 33, 34, 35. Moreover, "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Therefore, the Court finds that plaintiff has failed to show that the appointment of counsel is appropriate at this time. Accordingly, plaintiff's second motion to appoint counsel (Dkt. 33) is denied without prejudice.

Dated this 23rd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge